UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

HOWARD MICHAEL CAPLAN,

    Plaintiff,

v.

CASE NO.: 0:23-cv-60827-AHS

DR TRANSMISSION INC,
a Florida profit corporation, and
MBF COMMERCE CENTER LLC,
a Florida limited liability company,

    Defendants.
_____/

## DR TRANSMISSION INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Dr Transmission Inc ("Dr Transmission"), through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 8 and 12, hereby answers the Complaint filed by Plaintiff, Howard Michael Caplan ("Plaintiff"), on May 4, 2023 (Doc. 1) (the "Complaint"), as follows:

### JURISDICTION

1.    Dr Transmission admits that the Court has original jurisdiction over claims arising under Title 42 U.S.C. § 12181 et. seq., but otherwise denies Plaintiff's allegations in Paragraph 1 of the Complaint.

### VENUE

2.    Dr Transmission admits that venue is proper in this Court, but otherwise denies the remaining allegations in Paragraph 2 of the Complaint.

### PARTIES

3.    Dr Transmission denies the allegations in Paragraph 3 of the Complaint.

4.    Dr Transmission denies the allegations in Paragraph 4 of the Complaint.

5.  Dr Transmission admits that it conducts business at the Subject Facility located at 5100 NW 15th Street, Margate, FL 33063, but otherwise denies the remaining allegations in Paragraph 5 of the Complaint.

## CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6.  Dr Transmission restates its responses to Paragraphs 1 through 5 of the Complaint, as set forth above, which are incorporated by reference as if fully set forth herein.

7.  To the extent Paragraph 7 of the Complaint contains factual allegations to which a response is required, Dr Transmission denies them.

8.  To the extent Paragraph 8 of the Complaint contains factual allegations to which a response is required, Dr Transmission denies them.

9.  To the extent Paragraph 9 of the Complaint contains factual allegations to which a response is required, Dr Transmission denies them.

10. Dr Transmission denies the allegations in Paragraph 10 of the Complaint.

11. Dr Transmission denies the allegations set forth in Paragraph 11 of the Complaint.

12. Dr Transmission denies the allegations in Paragraph 12 of the Complaint.

13. Dr Transmission denies the allegations in Paragraph 13 of the Complaint.

14. To the extent Paragraph 14 of the Complaint contains factual allegations to which a response is required, Dr Transmission denies them.

15. Dr Transmission is without sufficient knowledge to admit or deny the allegations in Paragraph 15 of the Complaint, including the allegations in subparagraphs (a) through (j) of Paragraph 15, as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers. Accordingly, Defendant denies the allegations in Paragraph 15 of the Complaint, including all subparts thereto, and demands strict proof thereof.

16. Dr Transmission denies the allegations in Paragraph 16 of the Complaint.

17. Dr Transmission denies the allegations in Paragraph 17 of the Complaint.

18. Dr Transmission denies the allegations in Paragraph 18 of the Complaint.

19. Dr Transmission denies the allegations in Paragraph 19 of the Complaint.

20. Dr Transmission denies the allegations in Paragraph 20 of the Complaint.

**COUNT I – DECLARATORY RELIEF**

21. Dr Transmission denies the allegations in Paragraph 21 of the Complaint.

22. Dr Transmission denies the allegations in Paragraph 22 of the Complaint.

23. Dr Transmission denies the allegations in Paragraph 23 of the Complaint.

24. Dr Transmission denies the allegations in Paragraph 24 of the Complaint.

25. Dr Transmission denies the allegations in Paragraph 25 of the Complaint.

In response to the unnumbered WHEREFORE paragraph following Paragraph 25 of the Complaint, Dr Transmission denies any allegations contained therein, and further denies that Plaintiff is entitled to the relief sought.

**COUNT II- INJUNCTIVE RELIEF TO REMOVE ARCHITECTURAL BARRIERS**

26. Dr Transmission denies the allegations in Paragraph 26 of the Complaint.

27. Dr Transmission denies the allegations in Paragraph 27 of the Complaint.

28. Dr Transmission denies the allegations in Paragraph 28 of the Complaint.

29. Dr Transmission denies the allegations in Paragraph 29 of the Complaint.

30. Dr Transmission denies the allegations in Paragraph 30 of the Complaint.

In response to the unnumbered WHEREFORE paragraph following Paragraph 30 of the Complaint, Dr Transmission denies any allegations contained therein, and further denies that Plaintiff is entitled to the relief sought.

## COUNT III- INJUNCTIVE RELIEF TO MODIFY
## POLICIES, PRACTICES AND PROCEDURES

31. Dr Transmission denies the allegations in Paragraph 31 of the Complaint.

32. Dr Transmission denies the allegations in Paragraph 32 of the Complaint.

33. Dr Transmission denies the allegations in Paragraph 33 of the Complaint.

34. Dr Transmission denies the allegations in Paragraph 34 of the Complaint.

35. Dr Transmission denies the allegations in Paragraph 35 of the Complaint.

In response to the unnumbered WHEREFORE paragraph following Paragraph 35 of the Complaint, Dr Transmission denies any allegations contained therein, and further denies that Plaintiff is entitled to the relief sought.

## COUNT IV- INJUNCTIVE RELIEF TO MAINTAIN COMPLIANCE

36. Dr Transmission denies the allegations in Paragraph 36 of the Complaint.

37. Dr Transmission denies the allegations in Paragraph 37 of the Complaint.

38. Dr Transmission denies the allegations in Paragraph 38 of the Complaint.

39. Dr Transmission denies the allegations in Paragraph 39 of the Complaint.

40. Dr Transmission denies the allegations in Paragraph 40 of the Complaint.

In response to the unnumbered WHEREFORE Paragraph following Paragraph 40 of the Complaint, Dr Transmission denies any allegations contained therein, and further denies that Plaintiff is entitled to the relief sought.

## GENERAL DENIAL

All allegations in the Complaint not expressly admitted are denied.

## AFFIRMATIVE AND OTHER DEFENSES[1]

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

**FIRST DEFENSE**

Dr Transmission asserts that to alter the subject premises to the extent requested in the Complaint would constitute undue hardship including, but not limited to, significant difficulty and expense, and, therefore, at least some, if not all, of the modifications sought by Plaintiff are not readily achievable.

**FIRST DEFENSE**

In Paragraph 16 of his Complaint, Plaintiff indicates that the list of allegedly unlawful barriers set forth in Paragraph 15 is not an exhaustive list. To the extent that some or all of Plaintiff's requested modifications are not readily achievable and/or are not technically feasible, Plaintiff fails to state a claim for injunctive relief.

**SECOND DEFENSE**

To the extent that the violations of the ADA alleged in the Complaint pertain to areas of the subject premises that are not places of public accommodation, Plaintiff's claims are barred.

**THIRD DEFENSE**

In Paragraph 16 of his Complaint, Plaintiff indicates that the list of allegedly unlawful barriers set forth in Paragraph 15 is not an exhaustive list. To the extent that Plaintiff lacks standing to raise at least some, if not all, of his claims of alleged violations of the ADA, this Court lacks subject matter jurisdiction.

**FOURTH DEFENSE**

To the extent that Plaintiff irregularly, occasionally, and infrequently visited the subject premises and/or cannot prove any legitimate, concrete plans to use subject facility in the future, Dr Transmission asserts that Plaintiff lacks the requisite standing to bring the instant lawsuit for injunctive relief against Dr Transmission.

5

**FIFTH DEFENSE**

Plaintiff's claimed violations are "de minimis" and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

**SIXTH DEFENSE**

Plaintiff has not suffered an irreparable injury, and injunctive relief is not warranted.

**SEVENTH DEFENSE**

The demanded alterations and modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations offered by Dr Transmission and as such Dr Transmission is not required to make such alterations and modifications.

**EIGHTH DEFENSE**

Plaintiff failed to communicate in any way with Dr Transmission prior to filing suit, and as such failed to exercise reasonable diligence to avoid the attorneys' fees and costs associated with bringing suit. Thus, Plaintiff failed to mitigate his claims and is barred from recovering attorneys' fees and costs for bringing this action.

**NINTH DEFENSE**

To the extent Dr Transmission has complied with its obligations under the ADA with respect to Plaintiff's allegations, Plaintiff's claims are moot for lack of standing.

DATED this 5th day of July 2023.

Respectfully submitted,

SPIRE LAW, PLLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By: */s/ Alyssa Castelli*
Alyssa Castelli, Esq.
Florida Bar No. 1032306
Jesse I. Unruh, Esq.
Florida Bar No. 93121

alyssa@spirelawfirm.com  
jesse@spirelawfirm.com  
marcela@spirelawfirm.com  
filings@spirelawfirm.com  

*Attorney for Defendant | Dr Transmission Inc*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July 2023, the foregoing was electronically filed through the CM/ECF system, which will send a notice of electronic filing to Plaintiff's counsel, Ronald E. Stern, Esq. and Ronnette Gleizer, Esq., THE ADVOCACY LAW FIRM, P.A., 1835 E Hallandale Beach Blvd., # 757, Hallandale, Florida 33009, via email at ronsternlaw@gmail.com and advocacylawfirmpa@gmail.com.

*/s/ Alyssa Castelli*  
Attorney